UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY, )<br>)<br>Plaintiff, )<br>) <br>v. )<br>)<br>JUSTICE FAMILY FARMS, LLC, )<br>)<br>Defendant. ) | Case No. 4:18-cv-01787 |

## COMPLAINT

Plaintiff Monsanto Company ("Plaintiff" or "Monsanto"), by and through its undersigned counsel, and for its Complaint against Defendant Justice Family Farms, LLC ("Defendant" or "Justice"), states:

## PLAINTIFF

1. Monsanto is a company organized and existing under the laws of the State of Delaware with its principal place of business in St. Louis, Missouri. Therefore, Monsanto is a citizen of Delaware and Missouri.

## DEFENDANT

2. Defendant Justice is a limited liability company organized and existing under the laws of the State of West Virginia. Upon information and belief, no member of Defendant, a limited liability company, is citizen of Delaware or Missouri.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), as Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue is proper in this judicial district pursuant to a forum selection clause which was voluntarily agreed to by Defendant Justice. Section 3 of the Monsanto Technology /Stewardship Agreement ("MTSA") signed by Defendant provides that the United States District Court for the Eastern District of Missouri, Eastern Division and the Circuit Court of the County of St. Louis, Missouri, have exclusive jurisdiction and venue of all claims and disputes arising out of or connected in any way with the MTSA and/or the use of Seed (as defined in the MTSA) or the Monsanto technologies. A copy of the MTSA signed by Defendant is attached hereto and made part hereof as **Exhibit 1**.

## GENERAL ALLEGATIONS

5. Upon information and belief, Justice is a farm operation farming land in, among other places, South Carolina.

6. Monsanto develops new plant biotechnologies and crop seed which it markets to end-user growers like Justice via distributors.

7. As a prerequisite to the purchase and use of Monsanto Seed, on June 24, 2010, Defendant entered into the MTSA.

8. The MTSA provides in part that the grower agrees to pay all applicable fees due to Monsanto for the purchase of Seed. *See* Section 4 of the MTSA.

9. The MTSA provides that in the event of a default, Defendant must pay late fees and Monsanto's reasonable attorneys' fees, court costs and all other expenses incurred.

10. On or about March 3, 2014, Defendant submitted an Interest Free Seed Financing Application for Monsanto's FarmFlex 0% interest program.

11. On or about April 15, 2014, Defendant entered into an Interest Free Financing Agreement ("Credit Agreement") with Plaintiff.

12. Pursuant to the terms of the Credit Agreement, Monsanto agreed to allow Defendant to purchase Monsanto branded seed such as DEKALB® and Asgrow® from one or more of its authorized distributors on interest free credit terms.

13. Pursuant to the Credit Agreement, Defendant agreed to pay for seed purchased on credit pursuant to the Credit Agreement according each year's Monsanto 0% Seed Program a/k/a Farm Flex Financing ("Financing Terms").

14. Southern States Coop ("SSC") is a an authorized distributor of certain brands of crop seed developed and sold by Monsanto, including brands of crop seed such as DEKALB® and Asgrow®.

15. Nutrien f/k/a Crop Production Services, Inc. ("Nutrien") is an authorized distributor of certain brands of crop seed developed and sold by Monsanto, including brands of crop seed such as DEKALB® and Asgrow®.

16. Between April and November, 2017, Defendant purchased Monsanto branded seed from at least SSC and Nutrien pursuant to its Credit Agreement and its MTSA.

17. Pursuant to the Financing Terms applicable to Defendant's credit purchases between April and November, 2017, Defendant was obligated to remit full payment to Monsanto no later than November 25, 2017.

18. Defendant's net purchase amount due to Monsanto no later than November 25, 2017 was $814,444.59 ("the Debt").    Pursuant to the Financing Terms, Defendant would incur no late fees so long as the Debt was paid in full by November 25, 2017.  However, the Financing Terms provided that Defendant would incur late fees in the amount of 18% APR in the event of default.

19. Defendant failed to remit full payment in the amount of the Debt on or before November 25, 2017 and such amount is delinquent and continues to accrue past-due late fees

## COUNT I – BREACH OF CONTRACT
## (MONSANTO TECHNOLOGY/STEWARDSHIP AGREEMENT "MTSA")

20. Each and every allegation set forth in the above-numbered paragraphs is hereby incorporated by reference just as if it were explicitly set forth hereunder.

21. During the 2017 calendar year, Defendant acquired crop seed from Nutrien and SCC on credit through Monsanto's 0% interest credit program in an amount totaling $814,444.59, excluding late fees.

22. Defendant was obligated under the MTSA to remit full payment to Monsanto in the amount of $814,444.59 on or before November 25, 2017.

23. Defendant breached its obligation under the MTSA to remit full payment on or before November 25, 2017.

24. As a direct and proximate result of this breach, Monsanto is entitled to damages in an amount to be proven at trial in the amount of at least $814,444.59, plus late fees at the rate of 18% APR after November 25, 2017 and Monsanto's reasonable attorneys' fees and collection costs.

## COUNT II – BREACH OF CONTRACT
## (INTEREST FREE FINANCING AGREEMENT)

25. Each and every allegation set forth in the above-numbered paragraphs is hereby incorporated by reference just as if it were explicitly set forth hereunder.

26. During the 2017 calendar year, Defendant acquired crop seed from Nutrien and SSC on credit through Monsanto's 0% interest financing program in an amount totaling $814,444.59, excluding late fees.

27. Monsanto has duly performed any and all conditions under the financing program.

28. Defendant was obligated to remit full payment in the amount of $814,444.59 to Monsanto on or before November 25, 2017.

29. Defendant breached its obligation under the financing program to remit full payment on or before November 25, 2017.

30. As a direct and proximate result of this breach, Monsanto is entitled to damages in an amount to be proven at trial in the amount of at least $814,444.59, plus late fees at the rate of 18% APR from and after November 25, 2017 and Monsanto's reasonable attorneys' fees and collection costs.

## COUNT III - UNJUST ENRICHMENT

31. Each and every allegation set forth in the above-numbered paragraphs is hereby incorporated by reference just as if it were explicitly set forth hereunder.

32. Defendant's conduct, as described in the above-numbered paragraphs, has resulted in a benefit being conferred upon Defendant and Defendant's appreciation of the benefit, in that, Defendant has acquired crop seed products purchased on credit for which it has not paid Monsanto.

33. As a result, Defendant has been unjustly enriched and obtained profits that in equity and good conscience belong to Monsanto.

34. Defendant's acceptance and retention of this benefit under the circumstances renders Defendant's retention of these benefits inequitable.

35. As a result, Monsanto is entitled to damages in an amount to be proven at trial totaling at least $814,444.59.

## **PRAYER FOR RELIEF**

36. WHEREFORE, Monsanto Company requests judgment in its favor and against Defendant, providing the following remedies:

    a. Entry of judgment for damages (Breach of Contract – Count I) in favor of Monsanto, in an amount in excess of $814,444.59, plus late fees, attorneys ' fees and other collection costs that have and will accrue from November 25, 2017 to the date of final judgment, to compensate Monsanto Company for Defendant's breach of contract;

    b. Entry of judgment for damages (Breach of Contract – Count II) in favor of Monsanto, in an amount in excess of $814,444.59, plus late fees, attorneys' fees and other collection costs that have and will accrue from November 25, 2017 to the date of final judgment, to compensate Monsanto Company for Defendant's breach of contract;

    c. Entry of judgment for damages (Unjust Enrichment – Count III) in favor of Monsanto, in an amount in excess of $814,444.59, plus prejudgment interest that has and will accrue from November 25, 2017 to the date of final judgment, to compensate Monsanto Company for Defendant's unjust enrichment and the profits obtained that in equity and good conscience belong to Monsanto Company; and

    d. For such other and further relief as the Court shall deem just and proper.

Respectfully submitted,

HUSCH BLACKWELL LLP

By: */s/ Matthew R. Grant*
Matthew R. Grant, #50312MO
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
(314) 480-1500
(314) 480-1505 (fax)

*Attorneys for Plaintiff Monsanto Company*