**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MONSANTO COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:18-cv-01787-JAR |
| | ) | |
| JUSTICE FAMILY FARMS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Monsanto Company's Motion to Enforce Settlement Agreement and Entry of Final Consent Judgment. (Doc. 6.) The Court ordered Plaintiff to serve a copy of its motion on Defendant, who has not entered an appearance in this case. (Doc. 8.) Plaintiff did so on February 4, 2019. (Doc. 9.)

**Background**

Plaintiff alleges the following facts in its motion: Over the course of several months in 2017, Defendant purchased more than $800,000 in seed from Plaintiff. The purchase was made pursuant to an interest-free credit agreement, but Defendant failed to pay what was owed. Pursuant to the agreement, Defendant was obligated to pay the full balance, plus attorney fees, court costs, expenses, and late fees accruing at 18% APR. On October 19, 2018, Plaintiff filed suit to recover those monies and Defendant was served on October 22, 2018. No answer was filed.

Shortly after Plaintiff filed suit, Defendant's counsel made contact and the parties negotiated a settlement. In pertinent part, Defendant agreed to pay the amount owed in six

monthly installments at a reduced interest rate and Plaintiff agreed not to execute on the credit agreement. (Doc. 6-2.) The agreement also included a consent judgment obligating Defendant to pay a significantly higher interest rate, which was to be entered in the event Defendant missed a payment. (Docs. 6-2, 7.)

To date, Plaintiff has received a single $25,000 payment—far less than the agreed-upon monthly installment and sent two months after the first installment was due. Plaintiff now moves for entry of the consent judgment as contemplated by the settlement agreement.

## Legal Standard

District courts have inherent power to enforce valid settlement agreements. *Barry v. Barry*, 172 F.3d 1011, 1013 (8th Cir. 1999) (citing *Gatz v. Southwest Bank*, 836 F.2d 1089, 1095 (8th Cir. 1988)). In diversity cases such as this one, the settlement agreement is interpreted according to state law. *Id.* To determine whether there was valid agreement between the parties, "a court looks to the parties' objective manifestations of intent and interprets those manifestations as a reasonable person would." *Visiting Nurse Ass'n, St. Louis v. VNAHealthcare, Inc.*, 347 F.3d 1052, 1054 (8th Cir. 2003). The party seeking to enforce the settlement must present "clear, convincing and satisfactory" evidence that there was a valid agreement, *id.* at 1053, and, once presented, the opposing party "bears the burden of showing that the contract he has made is tainted with invalidity, either by fraud practiced upon him or by a mutual mistake under which both parties acted." *Washington v. Blunt*, No. 08-CV-4092-NKL, 2011 WL 2709833, at *2 (W.D. Mo. July 12, 2011) (quoting *Cameron v. Norfolk & W. Ry.*, 891 S.W.2d 495, 499 (Mo. Ct. App. 1994)). Courts will enforce a valid agreement so long as it "is specific enough to determine when one of the parties is in breach and provides a basis for giving a remedy." *Visiting Nurse*, 347 F.3d at 1054.

**Discussion**

The Court concludes that Plaintiff has presented clear, convincing, and satisfactory evidence of objective manifestations of Defendant's intent to accept the settlement agreement, including the provision providing for the entry of the consent judgment. Of particular note, the settlement agreement was the result of bilateral negotiations between the parties as documented by email. (*See* Doc. 6-1.) The settlement agreement was signed by Defendant's "Manager & President." (Doc. 6-4 at 2.) Likewise, Defendant's "Associate [General Counsel]" wrote an email referencing the terms of the settlement agreement and confirming Defendant's intent to comply. (Doc. 6-5.) Moreover, the terms of the settlement agreement in this case are unambiguous and specific enough to determine that Defendant is in breach and that entry of the consent judgment is the appropriate remedy. (Doc. 6-2 at ¶ 3.)

Defendant has failed to enter an appearance in this case or otherwise respond to Plaintiff's complaint or motion to enforce the settlement agreement. Likewise, it has not challenged Plaintiff's allegations that it is in breach of the settlement agreement. Thus, the Court finds that the settlement agreement is enforceable and Defendant is in breach.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Monsanto Company's Motion to Enforce Settlement Agreement and Entry of Final Consent Judgment (Doc. 6), is **GRANTED.** The Court will enter the Final Consent Judgment separately.

Dated this 13th day of September, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE